IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JEFFREY WATERS,**

**Plaintiff,**

**v.**

**VILLAGE OF GRAFTON, GRAFTON
POLICE DEPARTMENT, CHIEF OF POLICE
ROB HEDGER, and ASSISTANT CHIEF
MIKE WEBER,**

**Defendant.**                                                    **No. 08-205-DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

On March 3, 2008, Plaintiff Jeffrey Waters filed his Complaint against the City of Grafton, the Grafton Police Department, and Chief of Police William Hedger (Doc. 2, Ex. 1). On March 14, 2008, Defendants removed the cause to this Court (Doc. 2). On August 28, 2008, Plaintiff filed his first amended Complaint, adding Assistant Chief of Police Mike Weber (Doc. 21). In his amended Complaint, Plaintiff brings four counts against Defendants, including claims for: retaliation for opposing unlawful discrimination under the Age Discrimination in Employment Act ("ADEA"), age discrimination in failure to hire under the ADEA, tortious interference with a business expectancy, and violation of his First Amendment rights pursuant to **42 U.S.C. § 1983**.

In his Complaint, Plaintiff alleges that in September 2006 he applied for

a police officer position with the Grafton Police Department (Doc. 21 ¶ 10).  At the time he submitted his application, Plaintiff was over forty years old (*Id*.).  Plaintiff alleges that he was better qualified than numerous other applications because of his prior experience as a police officer (Doc. 21 ¶ 11).  Plaintiff had graduated from the police academy, was a licensed peace officer, and had been employed by various police organizations (*Id*. at ¶ 5).  Plaintiff was not hired by the Department and Plaintiff alleges that it was due to his age that he was not hired (*Id*. at ¶¶ 14, 29, 30).  Plaintiff further alleges that on February 4, 2007, he complained to the Village of Grafton Aldermen and requested an investigation or explanation as to why the Department did not hire him and why others of lessor qualifications were hired (*I*d. at ¶¶ 15-16).  Plaintiff also complained to The Alton Telegraph and the Jersey County Journal, complaining that the Department refused to hire him because of his age and that he intended to file a complaint with the Equal Employment Opportunity Commission ("EEOC") (*Id*. at ¶¶ 15-16).

Plaintiff further alleges that unfounded complaints against him were made to the U.S. Postal Inspector's office in St. Louis, Mo. (Doc. 21 at ¶16).  Plaintiff was employed as a security guard for American Building Maintenance Security Services of America (ABM SSA), a government contractor (*Id*. at ¶15).  Plaintiff alleges that Defendant Chief Hedger and Assistant Chief Weber originated the complaint and allegedly reported the allegations to the Alton Telegraph (*Id*. at ¶¶16, 17).  Plaintiff further alleges that he was reassigned from his position at the Post Office to another facility with a lower rate of pay and when that contract expired, he

lost his employment with ABM SSA (*Id*. at ¶¶19, 37, 38).

On September 12, 2008, Defendants filed a motion to dismiss all of the claims pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** for failure to state a claim (Doc. 24). Plaintiff has filed a response to the motion (Doc. 25) and Defendants have filed a reply (Doc. 26). Defendant has also filed a motion to supplement motion to dismiss or, in the alternative, motion for summary judgment (Doc. 29).[1] The Court rules as follows.

## II. Legal Standard

Defendant brings its motion to dismiss pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** for failure to state a claim. When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8**. Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**. In a recent opinion issued on May 21, 2007, the Supreme Court held that Rule 8 requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,**

---

[1] Upon review of Defendant's motion to supplement motion to dismiss, or in the alternative, motion for summary judgment, the Court notes that Defendant's motion is best characterized as a motion for summary judgment. However, Defendant's motion does supplement its motion to dismiss to the extent that it expands on the argument raised in its original motion dismiss regarding whether Defendants are subject to ADEA regulations.

547, 127 S.Ct. 1955, 1960 (2007)**. In other words, the Supreme Court explained it was " a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do...." **Id. at 555, 127 S.Ct. at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986))**. The Seventh Circuit has read the *Bell Atlantic* decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what...claim is and the grounds upon which it rests." Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court.

***E.E.O.C. v. Concentra Health Services, Inc.*, 2007 WL 2215764, 2 (7th Cir. 2007) (citations omitted).**

### III. Analysis

**A.   ADEA Claims**

Plaintiff brings two claims pursuant to the **Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*.** Plaintiff argues that he was both discriminated against in his employment application because of his age and that Defendants retaliated[2] against him for protesting Defendant's alleged unlawful

---

[2] Plaintiff's Complaint also states that he was protected from employment discrimination under the Illinois Human Rights Act and public policy of the State of Illinois. Presumably, Plaintiff is referring to a claim of retaliatory discharge under Illinois law, however, neither party raises the claim of retaliatory discharge in its pleadings. Further, Plaintiff has failed to allege any of the elements of retaliatory discharge nor has he alleged that he was engaged in activity that would qualify as a matter of public policy. ***See Bourbon v. Kmart Corp.*, 223 F.3d 469, 472 (7th Cir. 2000).**

employment practices. Defendants argue that Plaintiff can not bring these claims under the ADEA because Defendants are not subject to the provisions of the ADEA as it employees less than twenty individuals.[3] The ADEA defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." **29 U.S.C. § 630(b)**. An employee does not include persons elected to public office. *See* **29 U.S.C. § 630(f)**. Defendant Village of Grafton argues that it has never employed more than twenty employees, exclusive of those elected positions, and is therefore not subject to ADEA regulations. Plaintiff has conceded that he cannot show the twenty employee requirement and thus his claims under the ADEA should be dismissed (*See* Doc. 32).

As to the individual claims under the ADEA, Defendants are correct that individuals that do not meet the definition of employer under the ADEA are not held liable under the ADEA. ***See Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n.2 (7th Cir. 1995).**[4] While the Seventh Circuit in *Thelen* did not reach the issue, it noted that it is likely that there is no individual liability under the ADEA as it had

---

[3] The Court notes that the Seventh Circuit once held that the issue of whether an employer was subject to the ADEA under the definition of employer was an issue of subject matter jurisdiction best raised by a Rule 12(b)(1) motion. *See Rogers v. Sugar Tree Products, Inc.*, **7 F.3d 577, 579 (7th Cir. 1993),** *overruled on other grounds*. However, the Seventh Circuit has more recently held that the issue is not jurisdictional. *See Papa v. Katy Industries, Inc.*, **166 F.3d 937, 943 (7th Cir. 1999)** (*citing Sharpe v. Jefferson Distributing Co.*, **148 F.3d 676, 678 (7th Cir. 1998)**).

[4] The Court notes that Plaintiff alleges in his complaint that "Defendants" have 20 or more employees, but he does not state whether Defendants Chief Hedger and Assistant Chief Weber are employers. To the extent that Plaintiff is suing Chief Hedger and Assistant Chief Weber as individuals under the ADEA, the Court finds that there is no individual liability under the ADEA.

previously found that an individual, who did not meet the statutory qualifications as an employer, could not be held liable under the ADA as the relevant language in the two statutes are identical. ***Id.* (*citing United States Equal Employment Opportunity Comm'n v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276 (7th 1995) (findings no individual liability under the ADA and specifically noting that provisions defining employer of the ADEA were identical). *See also Horwitz v. Board of Educ. of Avoca School Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001) (noting that the Seventh Circuit has suggested that there is no individual liability under the ADEA)**. As the definition of "employer" under the ADA is identical to the definition of "employer" under the ADEA, the Court finds that there is no individual liability under the ADEA.

Thus, the Court **DISMISSES with prejudice** Plaintiff's claims brought under the ADEA and **GRANTS** Defendant's motion to dismiss as to Counts I and II.

**B.     Tortious Interference with a Business Expectancy**

Defendants also argue that Plaintiff's Count III should fail because Plaintiff has failed to properly allege a claim for tortious interference with a business expectancy. Specifically, Defendants allege that Plaintiff has failed to allege that Defendants were aware of any business expectancy, that Defendants' actions were intentional or unjustified and caused a breach of contract.

Plaintiff's Count III alleges that he had a business relationship and the business expectancy of employment at the U.S. Post Office in St. Louis, MO and that

Defendants interfered with that relationship when Defendants Hedger and Weber made complaints to the Illinois State Police Public Integrity Unit and the U.S. Postal Inspector's office.

To state a claim of tortious interference with a business expectancy under Illinois law, a Plaintiff must allege: 1) plaintiff's reasonable expectancy of entering into a valid business relationship; 2) defendant's knowledge of that expectancy; 3) defendant's intentional and unjustifiable interference that induced or caused a breach or termination of the expectancy; and 4) damage to plaintiff resulting from defendant's conduct. ***F:A J Kikson v. Underwriters Laboratories, Inc.*, 492 F.3d 794, 800 (7th Cir. 2007).** **See also *Fellhaur v. City of Geneva*, 142 Ill.2d 495, 511, 568 N.E.2d 870, 878 (Ill. 1991)**. "When a third party maliciously sticks his nose into the economic relationship between an employee and an employer and causes the employee to lose his job," the party is subject to a tortious interference claim. ***Ali v. Shaw*, 481 F.3d 942, 945 (7th Cir. 2007) (citing *Fellhaur*, 142 Ill.2d 495, 568 N.E.2d 870)**.

Here, Plaintiff claims that he was reassigned from his position with the Post Office because Defendants Hedger, Weber, or both made complaints to the Post Office Inspector's Office. Plaintiff further states that Defendants knew of Plaintiff's employment relationship with the Post Office as Plaintiff alleges that Defendant Weber asked Steve Hayes where Plaintiff worked. Plaintiff also alleges that Defendants' complaints were determined to be unfounded and were committed for

the sole purpose of interfering with his position at the Post Office. Therefore, Plaintiff has sufficiently alleged a claim for tortious interference and Defendants' motion to dismiss Count III is **DENIED**.

**C.     First Amendment Claim Pursuant to 42 U.S.C. § 1983**

Plaintiff's Count IV alleges that Plaintiff was terminated because he exercised his right to freedom of speech as protected by the First Amendment. Plaintiff brings this claim against all Defendants.

*1.     Chief Hedger and Assistant Chief Weber*

Defendants argue that Count IV of Plaintiff's complaint as to Chief Hedger should be dismissed because Plaintiff has not set forth the protected speech, has not set forth a causal connection between Defendants' conduct and his termination, and because he alleges that he was terminated from a contractual position in which he was a third party beneficiary. In Count IV of Plaintiff's Complaint, Plaintiff alleges that he was terminated from his job at ABM SSA because he exercised his right to freedom of speech due to Defendants "unlawful conduct and in retaliation against Plaintiff for exercising his constitutionally protected rights."

To sustain an action for a § 1983 claim of retaliation in response to the exercise of free speech in violation of the First Amendment, the plaintiff most allege that: 1) the plaintiff engaged in constitutionally protected speech, and 2) the plaintiff must establish that the speech was a substantial or motivating factor in the retaliatory action. ***Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004).    *See also***

***Horwitz v. Board of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 618 (7th Cir. 2001).** *See also* ***Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008) (A plaintiff must show that he was engaged in constitutionally protected speech, that a public official took adverse actions against him and that the adverse actions were motivated in part by the plaintiff's speech).** In order for a plaintiff's speech to be protected under the First Amendment, it must address a matter of public concern and not simply a private grievance. ***Cliff v. Board of School Comm'rs of City of Indianapolis, Ind.*, 42 F.3d 403, 409-10 (7th Cir. 1994)**. Under the motivating factor prong, Plaintiff must show a casual link between the protected speech and Defendant's actions. ***Spiegla,* 371 F.3d at 941**.

Here, Plaintiff alleges that he was terminated because he exercised his right to freedom of speech and that his termination was in retaliation against him. While Defendants argue that Plaintiff has failed to set forth the protected speech, Plaintiff alleges that he was retaliated against for informing representatives of the Alton Telegraph and Jersey County Journal of possible job discrimination by the Grafton Police Department, and of his intent to file an EEOC complaint, as well as asking Village of Grafton aldermen to conduct an investigation as to why he was not hired by the police department. However, under the motivation fact, Plaintiff must allege that the motivating factor in Defendant's action was retaliation. While Plaintiff alleges that his termination was in retaliation for exercising his First Amendment Rights, he has failed to allege that Defendant's motivating factor in terminating him

was in retaliation for his speech. In fact, the Court notes that Plaintiff was not terminated by Defendant because, as Defendants point out and Plaintiff alleges, he was employed by a third party private employer and not Defendant. Further, as Defendants point out, Plaintiff states that he lost his employment when the contract between his employer and the facility expired. (Doc. 21 ¶38). Therefore, Plaintiff has failed to allege a cause of action for retaliation pursuant to 42 U.S.C. § 1983 against Chief Hedger and Assistant Chief Weber.

2. *Village of Grafton*

Plaintiff argues that Defendant Village of Grafton is liable under 42 U.S.C. § 1983 because Defendants have:

> adopted an informal policy, custom, and practice of excluding qualified candidates on account of age, or retaliation against those who have voiced complaints to the media, and at all times relevant herein, Defendant the Village of Grafton acted by and through its agents and representatives, and that the Village of Grafton has ratified the discriminatory and unlawful practices of Defendants Hedger and Weber.

(*See* Doc. 21 ¶ 43).

Under Section 1983, a municipality is not vicariously liable for the acts of its employees, but its constitutional deprivation is based on its policies or customs. **Houskins v. Sheahan, 549 F.3d 480, 493 (7th Cir. 2008)**. This type of claim, must be based upon a showing that the Village's policy itself is the source of Plaintiffs' constitutional injury. **Monell v. Dep't of Social Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978) ("a municipality cannot be held liable under § 1983 on a *respondeat superior* theory")**. In order to show that the Village is

liable for a § 1983 violation of Plaintiff's rights by having an unconstitutional policy or custom, Plaintiff must demonstrate either that:

> (1) the [Village] had an express policy that, when enforced, causes a constitutional deprivation;
> (2) the [Village] had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or
> (3) plaintiff's constitutional injury was caused by a person with final policymaking authority.

***McCormick v. The City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000) (citing *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)).**

Defendants argue that Plaintiff has failed to allege that the Village of Grafton had a policy which violated Plaintiff's constitutional protected rights or liberties or that the Village did anything that constituted a violation. Defendants further argue that Plaintiff has failed to allege a custom, policy, or practice of excluding applicants due to age or in retaliating against those who voiced complaints. Plaintiff, in his response, merely notes that Defendants' arguments are "absurd" and refers the Court to paragraphs 11, 15, and 43 of his Complaint. In the cited paragraphs, Plaintiff argues that he engaged in statutorily protected activity of opposing discriminatory hiring practices (¶ 11), that Plaintiff filed a request with Village Aldermen's requesting an investigation as to why he was not hired (¶ 15), that he was retaliated against in his position at ABM SSA (¶15) and that Defendants adopted an informal policy or practice of excluding candidates due to age and retaliating against those individuals who voice complaints (¶ 43). However, in order to properly raise a claim under **42 U.S.C. § 1983**, the Plaintiff must do more than

rely on bare conclusory allegations. Although a § 1983 Monell claim is subject to the same liberal pleading requirements under Rule 8(a)(2), the Rule still requires more than bare conclusory allegations. ***See McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) ("Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficent… The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of section 1983 liability devoid of any well-pleaded facts." (internal citations omitted))**.

Here, however, Plaintiff provides nothing more than boiler plate language alleging a policy or custom. He provides no factual allegations showing a policy or custom, save his own experiences. He does not plead any other incidents which would establish a policy or custom. Instead, he relies on boilerplate language, which is not enough to sustain a claim under 42 U.S.C. § 1983. While a plaintiff can allege that repeated actions directed at himself can constitute a policy or custom, ***see Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008) *(citing Phelan v. Cook County*, 463 F.3d 773, 789-90 (7th Cir. 2006))**, Plaintiff has even failed to allege that the Village had a policy of retaliation based on repeated actions against him. Plaintiff, instead, merely states that he was retaliated in his position as ABM SSA because he exercised his right to freedom of speech and then states that the Village has adopted an informal policy, custom, and practice. These bare conclusory allegations are not enough to allege a § 1983 claim. Therefore, the Court agrees with

Defendants and **GRANTS** Defendants' motion to dismiss as it relates to § 1983 claims against Village of Grafton. Accordingly, Plaintiff's First Amendment claims pursuant to 42 U.S.C. § 1983 are dismissed without prejudice.

D.     **Remand State Law Claims**

As the Court has dismissed all of the federal claims, the only remaining claim is Plaintiff's state law claim for tortious interference with a business expectancy. Pursuant to **28 U.S.C. § 1447 (c)** "[if] at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "[W]hen the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations." ***Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) (citing *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994)**. Here the Court finds no countervailing considerations and, therefore, **REMANDS** this cause of action.

IV.   Conclusion

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss (Doc. 23). Specifically, the Court **GRANTS** Defendants' motion to dismiss Counts I, II, and IV. The Court **DISMISSES** Counts I and II with prejudice and **DISMISSES** Count IV without prejudice. However, the Court **DENIES** Defendants' motion to dismiss Count III Tortious Interference with

a Business Expectancy. Further, the Court **REMANDS** the remaining state law claim to the Circuit Court for the Seventh Judicial Circuit for Jersey County, Illinois, effective September 20th. The Court finds all remaining motions **MOOT**.

**IT IS SO ORDERED.**

Signed this 9th day of September, 2009.

/s/     David R Herndon

**Chief Judge**

**United States District Court**